a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MONTREAL LINN,** Plaintiff | **CIVIL DOCKET NO. 3:23-CV-01743** |
| **VERSUS** | **JUDGE EDWARDS** |
| **TERRY A DOUGHTY,** Defendants | **MAGISTRATE JUDGE PEREZ-MONTES** |

## REPORT AND RECOMMENDATION

Before the Court is a civil Complaint (ECF No. 1) and a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) filed by pro se Plaintiff Montreal Linn ("Linn"). Linn seeks damages from the Chief Judge of this District for alleged, but unspecified, violations of "rights" and "discrimination." ECF No. 1 at 4.

Because Linn fails to state a viable claim and states claims barred by immunity, the Complaint (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE, and the Motion (ECF No. 2) should be DENIED as MOOT.

### I. Background

Linn provides no factual allegations in his Complaint. His allegations are conclusory throughout. He merely seeks damages for unspecified "discrimination" by Judge Doughty.

### II. Law and Analysis

To proceed *in forma pauperis*, a plaintiff must meet certain financial and legal prerequisites. The plaintiff's claim must not be frivolous or malicious; the complaint

1

must state a claim for which relief may be granted; and the complaint must not seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). If a complaint does not meet the threshold requirements, the court "must dismiss the case." *Id.*[1]

Linn has filed 20 suits in this Court alone since December 2022 alleging the violation of his rights, including one against another judge of this Court. *See Linn v. McClusky,* 3:23-CV-540 (W.D. La.).[2] Linn makes no attempt to explain how the Chief District Judge is conceivably responsible for whatever constitutional injury he is alleging—which is itself unclear.

To the extent Linn seeks relief from the Chief Judge for rulings made in other cases, the Chief Judge is immune from suit. A judge's actions are protected by absolute judicial immunity, which is overcome in only two scenarios: (1) where the actions are "not taken in the judge's judicial capacity"; or (2) where they are "taken in the complete absence of all jurisdiction." *Morrison v. Walker*, 704 F. App'x 369, 372–73 (5th Cir. 2017) (citing *Mireles v. Waco,* 502 U.S. 9, 11–12 (1991) (per curiam)).

---

[1] Section 1915(e)(2) applies equally to prisoner and non-prisoner *in forma pauperis* cases. *See Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231-33 (5th Cir. 2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)).

[2] Linn's other lawsuits include: *Linn v. U Chain*, 3:22-cv-06258; *Linn v. Ouachita American Job Center*, 3:22-cv-06259; *Linn v. Ouachita Parish et al.,* 3:23-cv-00424; *Linn v. Louisiana Workforce Commission*, 3:23-cv-00547; *Linn v. Bennett*, 3:23-cv-00548; *Linn v. Mitchell*, 3:23-cv-00549; *Linn v. Ouachita American Job Center*, 3:23-cv-00550; *Linn v. Ouachita Parish*, 3:23-cv-00551; *Linn v. City of Monroe et al*, 3:23-cv-00552; *Linn v. Monroe,* 3:23-cv-00574; *Linn v. Coleman*, 3:23-cv-00575; *Linn v. Healthy Blue, et al,* 3:23-cv-00706; *Linn v. Ouachita American Job Center et al,* 3:23-cv-00716; *Linn v. Monroe et al*, 3:23-cv-00718; *Linn v. Louisiana Division of Administrative Law et al*, 3:23-cv-01300; *Linn v. Jonnett Product Enterprises et al*, 3:23-cv-01301; *Linn v. Ouachita Parish Career Solution et al,* 3:23-cv-01583; *Linn v. Ouachita Parish Career Solution et al*, 3:23-cv-01584.

Even allegations of bad faith or malice cannot overcome judicial immunity. *See Mireles*, 502 U.S. at 11.

Linn provides no allegations indicating that the Chief Judge acted outside of his judicial capacity or without jurisdiction. Nor do his conclusory allegations sate a viable claim of any kind, even absent the clear applicability of judicial immunity in this case.

## III. Conclusion

Because Linn fails to state a claim for which relief may be granted and seeks relief from an immune Defendant, IT IS RECOMMENDED that the Complaint (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE, and that the Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) be DENIED as MOOT.

IT IS FURTHER RECOMMENDED that Linn be warned that filing additional frequent and frivolous pleadings will result in sanctions and monetary fines that he must pay before filing any other lawsuit this Court.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, July 1, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE